FEBRUARY 13, 1995

No. A–555. O'CONNELL, GUARDIAN AD LITEM FOR BABY BOY RICHARD v. KIRCHNER; and

No. A–558. DOE ET AL. v. KIRCHNER. Applications for stay, addressed to JUSTICE O'CONNOR and referred to the Court, denied.

JUSTICE O'CONNOR, with whom JUSTICE BREYER joins, dissenting.

Wrenching factual circumstances such as these have arrived on our doorstep twice in as many years. See *DeBoer* v. *DeBoer*, 509 U. S. 1301 (1993). Baby Richard is nearly four years old. He has lived his entire life in the care of the Does, a couple who believed, at least initially, that he was legally their child. Otakar Kirchner, the boy's biological father, was told for the first 57 days of the boy's life that his son was dead. When Kirchner learned that Baby Richard had instead been put up for adoption by his biological mother, Kirchner immediately asserted his rights and sought the boy's return. Last year, after finding Kirchner a fit parent and determining that he had adequately pursued his interest in the child, the Illinois Supreme Court invalidated the adoption, see *In re Petition of Doe*, 159 Ill. 2d 347, 638 N. E. 2d 181 (1994). We denied the petition for certiorari seeking review of

that judgment, see *ante*, p. 994. To date, Otakar Kirchner has never met his son.

One week ago, four hours after concluding oral argument on Kirchner's habeas petition, the Illinois Supreme Court issued a one-line order directing the Does "to surrender forthwith custody of the child known as Baby Boy Richard" to Otakar Kirchner. In so doing, the court evidently did not apply a recent amendment to the state adoption laws, 750 Ill. Comp. Stat. § 50/20b (1994), which provides,

> "In the event that an order for adoption is vacated, the court shall promptly conduct a hearing as to the temporary and permanent custody of the minor child who is the subject of the proceeding pursuant to Part VI of the Illinois Marriage and Dissolution of Marriage Act. The parties to the proceeding shall be the petitioners to the adoption proceeding, the minor child, the biological parents whose rights have been terminated, and other parties who have been granted leave to intervene in the proceeding. The provisions of this Section shall apply to all cases pending on and after the effective date of this amendatory Act of 1994."

The amendment employs mandatory language. Cf. *Hewitt* v. *Helms*, 459 U. S. 460, 472 (1983). It also appears on its face to apply to the instant case.

At this juncture, we can only speculate about the Illinois Supreme Court's rationale for avoiding application of a state law that appears to mandate a "best interests" hearing. The court may have rested its decision on state law grounds, either finding the provision altogether inapplicable in this habeas proceeding or determining that it violated the State Constitution. On the other hand, the court may have rested its decision on a conclusion that 750 Ill. Comp. Stat. § 50/20b runs afoul of the Federal Constitution. Cf. 159 Ill. 2d, at 363, 638 N. E. 2d, at 188 (Heiple, J., writing in support of denial of rehearing) (citing *Stanley* v. *Illinois*, 405 U. S. 645 (1972), a case based on the Federal Constitution, to support the proposition that the "best interests" standard should not be the determining factor in custody cases); *id.*, at 190 (suggesting that the enactment of a provision designed to affect pending cases violates state principles of separation of powers).

That we are left guessing about the basis for the Illinois Supreme Court's decision, particularly when opinions are forthcom-

ing, gives me considerable pause. A decision that the Federal Constitution invalidates the Illinois statute may raise a conflict with decisions of other courts. See, *e. g., In re Baby Boy C.*, 630 A. 2d 670 (D. C. 1993), cert. denied *sub nom. H. R.* v. *E. O., ante,* p. 809. Because we are presently ill equipped to evaluate the issues in this difficult case, I would grant a stay extending until 10 days after issuance of the Illinois Supreme Court's opinion or 45 days from today, whichever comes first. As in *Sklaroff* v. *Skeadas,* 76 S. Ct. 736, 738, 100 L. Ed. 1524, 1525 (1956) (Frankfurter, J., in chambers), I believe that in this case, "[d]isrupting the *statu[s] quo* forthwith . . . has consequences whose disadvantages, from the point of view of the child's interests, outweigh any loss to the [biological father] that may result from a short delay in acquiring custody of the child." I respectfully dissent.